**MARKS & KLEIN, LLP**
Gerald A. Marks, Esq.
Louis D. Tambaro, Esq.
Evan M. Goldman, Esq.
63 Riverside Avenue
Red Bank, NJ 07701
Attorneys for Defendants/Counter-Plaintiffs
Karamjeet Sodhi, Manjinder Singh and Karamjit Singh

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| 7-ELEVEN, INC., <br><br> Plaintiff/Counter-Defendant, <br><br> vs. <br><br> KARAMJEET SODHI, MANJINDER SINGH, KARAMJIT SINGH and DOES 1 through 50, inclusive, <br><br> Defendants/Counter-Plaintiffs. | Civil Action No.: 13-cv-03715 (MAS) (DEA) <br><br><br><br><br> **CIVIL ACTION** |

**DEFENDANT/COUNTER-PLAINTIFF'S OPPOSITION TO PLAINTIFF/
COUNTER-DEFENDANT'S EMERGENCY MOTION TO REQUIRE
SECURITY IN COMPLIANCE WITH FED. R. CIV. P. 65**

1

Defendants/Counter-Plaintiffs Karamjeet Sodhi ("Sodhi"), Manjinder Singh ("Manjinder") and Karamjit Singh ("Karamjit") (collectively "Defendants/Counter-Plaintiffs") by and through their attorney, Marks & Klein, LLP, hereby oppose Plaintiff/Counter-Defendant's "Emergency" Motion to Require Security in Compliance with Fed. R. Civ. P. 65.

## INTRODUCTION

On or about July 3, 2013, after hearing Oral Argument, this Court entered a Minute Entry granting Counter-Plaintiff's Motion for a Temporary Restraining Order, preserving the *status quo*, and requiring 7-Eleven to permit Defendant to continue to operate his six (6) 7-Eleven franchise locations, without interruption, for the reasons stated on the record on that date. An Order consistent with the Court's findings and the Minute Entry was subsequently entered on or about July 8, 2013.

7-Eleven now moves this Court for what it purports to be "emergency" relief. Critically, for the purposes of the instant application, 7-Eleven did not, at any time, prior to or during the subject TRO hearing request the imposition of security pursuant to R. 65. 7-Eleven also did not articulate any reasons on the record why any such security was necessary. As the Court is aware, the evening before the mutually agreed-upon hearing date, 7-Eleven filed a lengthy declaration in the name of their representative James Passerella, together with a memorandum of law and assorted "proofs" of alleged wrongdoing. Despite the copious nature of 7-Eleven's opposition pleadings, and the laudry list of unfounded accusatory allegations contained therein, the same makes absolutely no reference, either expressly or impliedly, to the need for any bond or security. 7-Eleven now, nearly a week after the Court heard argument and the respective positions of the parties , 7-Eleven belatedly moves for a one million dollar ($1M) bond. In addition to the fact that the request is by no means an "emergency," despite 7-Eleven's

mischaracterization as such, the size of the bond is excorbinate and does not adequately represent 7-Eleven's risk of allowing Defendant to continue store operations. In the quarter century in which Mr. Soddhi has been a franchisee, his stores have been well-peforming, his bills have been paid and he is, to date, current on all royalties and payment obligations to the franchisor.

## RELEVANT FACTS

Counter-Plaintiffs rely on the facts and allegations set forth in their First Amended Counterclaim and Application for Temporary Restraints. The same are incorporated by reference herewith.

## ARGUMENT

### POINT I
### PLAINTIFF/COUNTER-DEFENDANT WAIVED THEIR RIGHT TO SEEK THE RELIEF OF A SECURITY BOND

Under Fed. R. Civ. P. 65(c), "the amount of any bond to be given upon the issuance of a preliminary injunction rests within the sound discretion of the court, [and] **the district court may dispense with the filing of a bond**." Clarkson Co. v. Shaheen, 544 F.2d 624, 632 (2d Cir. 1996) (emphasis added).

7-Eleven had more than ample time to seek the relief being sought in the instant motion and failed to do so. Plaintiff/Counter-Defendant 7-Eleven, in their Opposition to Mr. Sodhi's Motion for a Temporary Restraining Order, chose not to seek security or bond, and therefore, has waived their right to request the same. 7-Eleven is now attempting to play "Monday Morning Quarterback" and ask the Court, which has already ruled on this issue, to go back and add additional requirements that the Court did not consider or impose. Furthermore, the Court, in its clear and concise decision, did not condition Counter-Plaintiff's request on the posting of any

bond or security whatsoever, and simply found that the *status quo* should be maintained in accordance with Semmes Motors, Inc. v. Ford Motor Co., 429 F.2d 1197 (1970) and Carlo C. Gelardi Corp. v. Miller Brewing Co., 502 F.Supp. 637 (D.N.J. 1980). For those reasons, 7-Eleven's Motion should be denied, and Counter-Plaintiffs should not be required to post a bond or security of any kind.

### POINT II
### ALTERNATIVELY, PLAINTIFF/COUNTER-DEFENDANT'S REQUEST FOR A $1M BOND IS UNWARRANTED UNDER THE CIRCUMSTANCES AND DOES NOT COMPORT WITH THE ACTUAL FINANCIAL RISK 7-ELEVEN STANDS TO SUSTAIN IN CONNECTION WITH THE IMPOSITION OF THE *STATUS QUO*.

Under Fed. R. Civ. P. 65(c), the "court is only required to set security in such sum as court deems proper, and that sum is to be estimate of costs and damages suffered by any defendant who has been wrongfully enjoined. Powelton Civic Home Owners Asso. v Department of Housing & Urban Development, 284 F.Supp. 809, 814 (E.D.Pa. 1968) (internal citations omitted). While Counter-Plaintiffs believe the Court has, effectively, ruled on this issue, if the Court has not, 7-Eleven's request is not commensurate with the risk they face. Specifically, 7-Eleven has failed to point to any circumstances that may cause damage to 7-Eleven, other than their one-sided and unsubstantiated allegations. Here, Counter-Plaintiffs will continue making appropriate payments for royalties, payments to vendors, and continue processing payroll through 7-Eleven as it has always done. Unless and until there is some sort of breach of the requirement, which 7-Eleven has failed to substantiate, 7-Eleven will suffer no harm. Moreover, due to the expedited nature of these proceedings, the need for a bond or security is obsolete.

Furthermore, due to unique circumstances of this matter, the amount of alleged damages 7-Eleven faces will decrease daily as Mr. Sodhi continues to make payments, which he has done without issue for nearly twenty-six (26) years. For these reasons, if the Court is inclined

to grant Plaintiff's motion, Counter-Plaintiffs request that the amount be minimal, and no more than $50,000.

Dated:   July 9, 2013

                                       **MARKS & KLEIN, LLP**
                                       Attorney for Defendant/
                                       Counter-Plaintiff

                                       */s/ Gerald A. Marks/*
                                       Gerald A. Marks, Esq.
                                       Louis D. Tambaro, Esq.
                                       Evan M. Goldman, Esq.
                                       63 Riverside Avenue
                                       Red Bank, New Jersey 07701
                                       Tel: 732-747-7100
                                       Fax: 732-219-0625