**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| YOUNES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>7-ELEVEN, INC.,<br><br>Defendant. | Civil No. 13-3500 RMB/JS<br><br>**MEMORANDUM ORDER** |
| NAIK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>7-ELEVEN, INC.,<br><br>Defendant. | Civil No. 13-4578 RMB/JS |
| 7-ELEVEN, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SODHI, et al.,<br><br>Defendants. | Civil No. 13-3715 MAS/DEA |

THIS MATTER comes before the Court upon 7-Eleven, Inc.'s ("7-Eleven") pre-motion letter seeking leave to file a motion to

consolidate the above actions pursuant to Federal Rule of Civil Procedure 42(a). More specifically, 7-Eleven seeks to move for an order consolidating 7-Eleven, Inc., v. Sodhi et al., Civil Action No. 13-3715 (the "Sodhi Action") with the already consolidated Younes and Naik matters, Civil Action Nos. 13-3500 and 13-4578, respectively (the "Consolidated Action").[1] Plaintiffs in the Naik Action have filed a pre-motion letter that opposes 7-Eleven's proposed motion to consolidate. As the parties have fully set forth their positions in their pre-motion letters, the Court sees no need for the filing of formal motions and will address the merits of the parties' respective submissions. For the reasons set forth below, the Court shall deny 7-Eleven's request that the above matters be consolidated.[2]

Federal Rule of Civil Procedure 42(a) provides that when actions involving a common question of law or fact are pending before the court, the court may consolidate the actions or issue any order to avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a). The moving party bears the burden on a motion to consolidate. In Re Consolidated Parlodel Litigation, 182 F.R.D.

[1] These matters were consolidated for case management and discovery purposes only.

[2] For the reasons set forth herein, this Court need not reach the merits of 7-Eleven's arguments regarding a proposed

441, 444 (D.N.J. 1998). In exercising its discretion to consolidate matters, a court should weigh the interests of judicial economy against the potential for delays, expense, confusion, or prejudice. The Court has considered these factors and finds that consolidation of these actions is not appropriate.

While the counterclaims asserted in Sodhi may be similar to those asserted in Naik, the matters are factually dissimilar: The Sodhi matter is based on allegations that the defendant franchisees "siphoned hundreds of thousands of dollars in cash from six 7-Eleven stores," [Civil Action No. 13-3715, Docket No. 7 at ¶1], whereas the Naik action is grounded in allegations that "7-Eleven. . . misrepresents and misclassifies its relation with store operators as francisees when they are in fact, employees [and that] 7-Eleven "engages in. . . fraudulent schemes that are abusive of its store operators. . . ." [Civil Action No. 13-4578, Docket No. 4 at ¶¶ 1 & 3].

In addition, the Consolidated Actions are consolidated for case management and discovery purposes only, and thus the parties would still be required to file separate motion papers even if this Court were to join the Sodhi matter with the Consolidated Action. Most importantly, this Court finds that considerations

---

motion for judgment on the pleadings.

of judicial economy weigh most heavily in favor of keeping these matters separate. A review of the docket filings in the Sodhi matter reveal that discovery is in process and significant orders and motions and have already been filed, including the issuance of an order granting a motion for temporary restraints and security and a pending motion in limine for sanctions against defendants for spoliation of evidence. See e.g., Civil Action No. 13-3735 at Docket Nos. 26 and 59. Because of the Sodhi matter has already progressed to the extent that the parties have filed significant motions and the Judges already assigned to that matter have gained familiarity with the same, this Court finds that consolidation of the Sodhi matter with the Consolidated Action would not "facilitate the administration of justice." Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp. et al., 149 F.R.D. 65, 80 (D.N.J. 1993).

ACCORDINGLY, IT IS on this **13th** day of **January 2014**,

**ORDERED** that 7-Eleven's request to consolidate the Sodhi Action with the Consolidated Action is **DENIED**.

s/Renée Marie Bumb
RENEE MARIE BUMB
United States District Judge