**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| 7-ELEVEN, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 13-3715 (MAS) (JS) |
| | **OPINION** |
| KARAMJEET SODHI, et al., | |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court on the motion of Defendants Karamjeet Sodhi, Manjinder Singh, and Karamjit Singh ("Defendants") requesting preliminary injunctive relief, seeking to enjoin both Plaintiff 7-Eleven, Inc. ("Plaintiff" or "7-Eleven") and a related state-court proceeding. (ECF No. 148.) Defendants request that the Court enter an injunction restraining Plaintiff from prosecuting a Texas state court action, which seeks to enforce a confidentiality agreement with a former employee of 7-Eleven, who Defendants seek to employ as an expert witness in this matter, and to restrain Plaintiff from further action to obtain confidential or privileged information. Defendants also request that the Court hold Plaintiff in contempt for violation of a Court order and claim that Plaintiff's actions constitute an abuse of process, witness tampering, and an obstruction of justice. The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' application is denied.

## I.   **Background**

This case involves a dispute between 7-Eleven and one of its franchisees.  7-Eleven has brought suit against Defendants for alleged violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"), its New Jersey analog, N.J.S.A. 2C:41-2.d, and trademark infringement, as well as various common law claims, including breach of the franchise agreement between the parties.  Plaintiff alleges that Defendants engaged in a scheme to underreport gross sales and thus deprived 7-Eleven of its share of those revenues under the parties' franchise agreement.  Plaintiff brought suit in June 2013 (ECF Nos. 1, 7), and the action was consolidated with similar suits involving 7-Eleven for the purposes of discovery and case management (ECF No. 93).

Defendants filed a motion for a temporary restraining order and preliminary injunction in August 2014.  Defendants assert that 7-Eleven's enforcement of a confidentiality agreement with a former employee, Kurt McCord, in a Texas court ("Texas Action") constitutes wrongful interference with Defendants' intended expert witness in the matter *sub judice* and has led to the exchange of Defendants' confidential and privileged documents between counsel for 7-Eleven and McCord.  More specifically, Defendants seek to enjoin 7-Eleven from prosecuting the Texas Action and from further harassment of McCord, and to compel 7-Eleven to turn over or destroy confidential or privileged documents obtained from McCord, or to certify to their possession of certain confidential or privileged documents.  Defendants also seek to enjoin the enforcement of any preliminary restraints obtained in the Texas Action.   Last, Defendants request that the Court hold 7-Eleven in contempt for violation of the Discovery Confidentiality Order entered in this case (ECF No. 39).  By Order dated August 21, 2014, the Court determined that Defendants did not establish that the motion required emergent relief and set a briefing schedule.  (ECF No. 160.)

## II.   Legal Standard

Rule 65 of the Federal Rules of Civil Procedure governs the imposition of injunctive relief in federal court.  Rule 65 "empowers district courts to grant preliminary injunctions." *Doe v. Banos*, 713 F. Supp. 2d 404, 410 (D.N.J.), *aff'd*, 416 F. App'x 185 (3d Cir. 2010).  "Preliminary injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)).  Injunctive relief is inappropriate "when the moving party has an adequate remedy at law." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992) (internal quotation marks omitted).  In determining whether to grant preliminary injunctive relief, courts look to several factors:

> [a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  These equitable factors are just that—factors to be balanced against one another.  All of these factors need not be considered by the Court, if the factors considered are dispositive; however, an injunction shall not issue absent a showing of both a likelihood of success on the merits and a likelihood of irreparable harm. *Id.* at 22; *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 90-91 (3d Cir. 1992).  The moving party bears the burden of showing entitlement to injunctive relief. *Ferring Pharm.*, 765 F.3d at 210.

## III.   Discussion

### A.   Texas Action

In order to determine what legal standards apply to the relief sought by Defendants, the Court must examine the specific injunctive restraints requested.  The bulk of the injunctive relief

requested by Defendants seeks to restrain either the conduct of Plaintiff as it relates to the Texas Action or the actual Texas Action itself.[1] Accordingly, the Anti-Injunction Act, 28 U.S.C. § 2283, and the All-Writs Act, 28 U.S.C. § 2283, which Defendants specifically reference, are directly applicable.

The Anti-Injunction Act prohibits federal courts from enjoining state-court proceedings, unless specific exceptions are applicable. The Anti-Injunction Act states: "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This prohibition on the restraint of state-court proceedings is more than a mere statement of the doctrine of comity. "[T]he [Anti-Injunction] Act is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the [a]ct." *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977). The Anti-Injunction Act is to be construed against the entry of injunctive relief. "The Supreme Court has cautioned, in deference to principles of federalism, that '[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy . . . .'" *Carlough v. Amchem Prods., Inc.*, 10 F.3d 189, 202 (3d Cir. 1993) (alteration in original) (quoting *Atl. Coast Line R.R. Co.*, 398 U.S. 281,

---

[1] Plaintiff, in correspondence to the Court, avers that the parties to the Texas Action have settled, and thus, much of the relief sought by Defendants is mooted. Yet, neither party has adequately conveyed that the Texas Action is definitively concluded. Moreover, Plaintiff's voluntary decision to settle the Texas Action does not eliminate the prospect of renewed efforts to the same end. *Cf. Vitek v. Jones*, 445 U.S. 480, 487 (1980) (holding, under standing analysis, that controversy was not moot where it was "not absolutely clear, absent the injunction, that the allegedly wrongful behavior could not reasonably be expected to recur" (internal quotation marks omitted)). Accordingly, the Court will reach the merits of Defendants' request.

297 (1970)).   Defendants specifically invoke the exception in the Anti-Injunction Act for injunctions that are necessary in aid of jurisdiction.

While the Anti-Injunction Act prohibits an injunction of state-court proceedings, lest it be necessary in aid of federal jurisdiction, the All Writs Act provides affirmative authority for such equitable relief.   The All Writs Act provides that: "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651.   The All Writs Act and the Anti-Injunction Act "act in concert to permit issuance of an injunction." *Carlough*, 10 F.3d at 201 n.9.

Defendants contend that Plaintiff's efforts in the Texas Action interfere with the discovery process in the matter *sub judice*, and therefore, an injunction is necessary to protect the Court's jurisdiction. "[T]he exception authorizing injunctions necessary in aid of the court's jurisdiction applies only to prevent a state court from so interfering with a federal court's consideration or disposition of case as to seriously impair the federal court's flexibility and authority to decide that case." *Id.* at 202. "[I]t is not enough that the requested injunction is related to [the court's] jurisdiction"—it must be "necessary." *Atl. Coast Line*, 298 U.S. at 294.

> Several factors are relevant to determine whether sufficient interference is threatened to justify an injunction otherwise prohibited by the Anti-Injunction Act. First, we look to the nature of the federal action to determine what kinds of state court interference would sufficiently impair the federal proceeding. Second, we assess the state court's actions, in order to determine whether they present a sufficient threat to the federal action. And finally, we consider principles of federalism and comity, for a primary aim of the Anti-Injunction Act is "to prevent needless friction between the state and federal courts."

*In re Diet Drugs*, 282 F.3d 220, 234 (3d Cir. 2002) (quoting *Okla. Packing Co. v. Okla. Gas & Elec. Co.*, 309 U.S. 4, 9 (1940)).   The "in aid of its jurisdiction" has been applied in limited contexts.   For instance, courts in the Third Circuit have enjoined state proceedings under this

exception where a case was removed to federal court and in the context of an action in rem. *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 134 F.3d 133, 145 (3d Cir. 1998). Courts have also applied this exception, in limited circumstances, in the context of large MDL class actions. *See Carlough*, 10 F.3d at 203-04; *In re Diet Drugs*, 282 F.3d at 239.

Here, Defendants have not demonstrated that an injunction of the Texas Action is necessary to aid this Court's jurisdiction. None of the contexts in which this limited exception has been applied are applicable here. Moreover, the maintenance of the Texas Action does not "seriously impair the federal court's flexibility and authority to decide" this matter. *See Carlough*, 10 F.3d at 202 (internal quotation marks omitted). Defendants' inability to use McCord as an expert witness does not impact the Court's ability or authority to decide this matter in any critical way. To the extent Defendants direct their request for an injunction at the conduct of Plaintiff in pursuing the Texas Action, those efforts fail as well. "It is settled that the prohibition of [§] 2283 cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding." *Atl. Coast Line*, 398 U.S. at 288. Accordingly, Defendants' request for an injunction against the court in the Texas Action and against Plaintiffs, in their prosecution of the Texas Action, are both denied.

### B.    Confidential or Privileged Communications with McCord

Defendants also request that the Court enter an order enjoining 7-Eleven from "taking any further action to cause McCord to turn over, furnish or otherwise cause to be produced any confidential and privileged communications or documents withheld in this matter" and "requiring that 7-Eleven return and destroy any previously withheld privileged documents and things in its possession that relate to communications between Sodhi and McCord." (Defs.' Moving Br. 6-7, ECF No. 148-1.)    However, as determined by the Honorable Joel Schneider, U.S.M.J., in this

matter, any communications produced by McCord to Plaintiff are no longer privileged; their production by McCord, combined with their knowledge of that production and failure to object, constitutes a waiver of the privilege. (*See* Letter Order 3, Nov. 6, 2014, ECF No. 190.) Accordingly, Defendants' request to enjoin Plaintiff lacks merit.

### C. Contempt

Defendants also request that the Court hold 7-Eleven in contempt for its alleged violation of the Court's Discovery Confidentiality Order, entered on August 14, 2013 ("DCO"). Defendants contend that 7-Eleven circumvented the DCO by obtaining Defendants' privileged documents from McCord in the Texas Action. "A plaintiff must prove three elements by clear and convincing evidence to establish that a party is liable for civil contempt: (1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order." *Marshak v. Treadwell*, 595 F.3d 478, 485 (3d Cir. 2009) (internal quotation marks omitted).

Defendants have not established by clear and convincing evidence that Plaintiff violated the DCO. The DCO primarily sets forth procedures for marking and producing confidential information. (*See generally* ECF No. 39.) With respect to the issue of privilege, the DCO merely adopts the provisions set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, which address instances of inadvertent disclosure. (*See id.* ¶ 12.) Alleged violations of that provision, which are not at issue with respect to the instant motion, can properly be addressed in a Rule 26 motion. Moreover, as discussed, Judge Schneider has already determined that any privilege that did attach to the communications at issue was waived by McCord's production in the Texas Action. (*See* Letter Order, Nov. 6, 2014, ECF No. 190.)

### D. Abuse of Process, Witness Tampering, and Obstruction of Justice

7

Last, Defendants assert that Plaintiff's conduct constitutes an abuse of process, witness tampering, and obstruction of justice. These contentions are appropriately brought as affirmative claims or are criminal offenses. *See Mitchell v. Guzick*, 138 F. App'x 496, 501-02 (3d Cir. 2005); 18 U.S.C. § 1512; 42 U.S.C. § 1985. Thus, their assertions, in a request for an injunction in a civil proceeding, are frivolous.

## IV.    Conclusion

Accordingly, for the above reasons, Defendants' motion is denied. An order reflecting the above determinations will issue today.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: March ℤ, 2015