**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| 7-ELEVEN, INC., | |
| Plaintiff, | Civil Action No. 13-3715 (MAS) (JS) |
| v. | **MEMORANDUM OPINION** |
| KARAMJEET SODHI, et al., | |
| Defendants. | |

**SHIPP, District Judge**

      This matter comes before the Court on Plaintiff 7-Eleven, Inc.'s ("7-Eleven") renewed motion for further relief pursuant to 28 U.S.C. § 2202. (ECF No. 611.) Defendant Karamjeet Sodhi ("Sodhi") opposed (ECF No. 614), and 7-Eleven replied (ECF No. 616). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, 7-Eleven's renewed motion for further relief pursuant to 28 U.S.C. § 2202 is granted. The Court will hold an evidentiary hearing to determine the appropriate amount of damages.

## I.    Background

      The Court writes solely for the parties and recites facts only as necessary to consider the instant motion. 7-Eleven initiated the instant case claiming that Sodhi (and later, naming Manjinder Singh, and Karamjit Singh in its Amended Complaint (Am. Compl., ECF No. 7)) (collectively, "Defendants") committed incurable breaches of Sodhi's franchise agreements with 7-Eleven for six convenience stores ("Stores"). (*See generally* Compl., ECF No. 1.)

On June 25, 2013, Sodhi moved for a temporary restraining order and on July 3, 2013, the Court issued an order that, *inter alia*, granted Sodhi's motion and prevented 7-Eleven from terminating Sodhi's franchise rights, removing property from the stores, or interfering with Sodhi's business relationships with vendors. (ECF No. 16.) On July 18, 2013, the Court ordered Sodhi to post a $50,000 security bond in connection with the temporary restraining order and until consideration of the preliminary injunction motion. (ECF No. 26.) On October 15, 2013, the parties stipulated that Defendants would withdraw their motion for a preliminary injunction and 7-Eleven would consider the franchise agreements to be in full force and effect. (ECF No. 73.) The Court, accordingly, vacated the temporary restraining order and the security was released. (*Id.*)

On March 25, 2015, 7-Eleven moved for, among other things, an injunction permitting it to discontinue financing the operations of Sodhi's Stores and a modification of the Court's October 15, 2013 Order that required it to continue such financing. (Pl.'s Mot. For Order to Show Cause Moving Br. 4-6, ECF No. 293-13.) On February 6, 2016, the Court determined the request was essentially for a declaration of 7-Eleven's rights under the franchise agreements, not for injunctive relief, and denied the motion. (Feb. 6, 2016 Mem. Op. 14-15, ECF No. 523.) The Court did, however, amend the October 15, 2013 Order and required Sodhi to post a bond of $500,000 with the Court, which was subsequently reduced to $250,000 on his request (the "Bond"). (*Id.*; Apr. 1, 2016 Order, ECF No. 536.)

7-Eleven later moved for summary judgment on Defendants' counterclaims[1] and on its request for a declaratory judgment that Sodhi's franchise agreements had been properly

---

[1] Defendants asserted four counterclaims in response for: (1) violation of the New Jersey Franchise Practices Act, N.J.S.A. § 56:10-1; (2) breach of the implied covenant of good faith and fair dealing;

terminated. (May 31, 2016 Mem. Op. 1, ECF No. 548.) On March 31, 2016, the Court granted summary judgment to 7-Eleven. (*Id*. at 15.) Sodhi appealed this order. (ECF No. 573.) On June 14, 2016, Sodhi also filed a motion to stay execution of the Court's declaratory judgment (ECF No. 556), which was denied on January 30, 2017 (ECF Nos. 583, 584).

On March 24, 2017, 7-Eleven filed an emergency motion for supplemental relief, alleging that Sodhi stole $180,746 in Store proceeds before turning over possession of the Stores on March 22, 2017. (Pl.'s Emergency Mot. For Suppl. Relief Moving Br. 2-3, ECF No. 588-1.) Because 7-Eleven demanded Sodhi to return the funds and Sodhi did not respond, 7-Eleven asked the Court for an order requiring Sodhi to return the $180,746 to 7-Eleven. (*Id*. at 3-4.) 7-Eleven did not request relief for potential inventory shortages, deposit shortages, or unauthorized draws at the time, because the close-out audits were not yet complete. (*Id*. at 5.) It did, however, raise these issues in its brief (*id*. at 5-11) and reserved the right to seek recovery of these amounts once established (*id*. at 6). The Court requested further briefing on whether it had jurisdiction to consider the motion during the pendency of the appeal (ECF No. 597), and on May 2, 2017, ultimately declined to consider 7-Eleven's motion at that time (May 2, 2017 Letter, ECF No. 601). On May 12, 2017, Sodhi filed a motion for release of the Bond (Def.'s Mot. For Release of Inj. Security Obligation Moving Br. 4, ECF No. 602), which the Court denied on November 9, 2017 (ECF No. 615). On August 24, 2017, the Third Circuit affirmed this Court's grant of summary judgment. (ECF No. 609.) On October 4, 2017, 7-Eleven filed the instant renewed motion for further relief. (ECF No. 611.)

---

(3) violation of the Fair Labor Standards Act, 29 U.S.C. § 201; and (4) violation of the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1. (May 31, 2016 Mem. Op 1.)

## II.     Legal Standard

Section 2202 of the Declaratory Judgment Act states that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202. "The prevailing party in a declaratory judgment action subsequently may seek *further* relief." *Alexander & Alexander, Inc. v. Van Impe*, 787 F.2d 163, 166 (3d Cir. 1986) (citing *Powell v. McCormack*, 395 U.S. 486, 499 (1969)). "'[T]he original [declaratory] judgment [may] be supplemented either by *damages* or by equitable relief . . . .'" *Chem. Leaman Tank Lines v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 221 (3d Cir. 1999) (quoting 10B Charles Allen Wright Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure, § 2271 at 682 (3d ed. 1998)) (emphasis added).

## III.    Discussion

### A.     The Parties' Positions

#### 1.     7-Eleven

7-Eleven claims that when Sodhi was surrendering possession of the Stores, he: seized almost $260,000 in cash; falsely reported that he deposited store proceeds; reported substantial, suspicious cash purchases likely used to disguise additional cash thefts; and left the stores with inventory and lottery shortages, taking such inventory and lottery for his own use. (Pl.'s Moving Br. 3-4, ECF No. 611-1.)  Sodhi allegedly absconded with a total of $560,603.83 in money and property.  (*Id*. at 4.)  7-Eleven completed its close out accounting and provided Sodhi with the Stores' final financial summaries and a demand for payment; however, Sodhi failed to reimburse 7-Eleven.  (*Id*.)

7-Eleven argues that the purpose of Section 2202 is to make an original declaratory judgment effective, including through a supplemental award of damages, even if damages were not sought in the original action. (*Id*. at 4-5.)  According to 7-Eleven, damages are appropriate here because the Court's previous declaratory judgment terminated all of Sodhi's rights to the franchised businesses. (*Id*.)  7-Eleven asserts that Sodhi deprived 7-Eleven of the full benefit of the declaratory judgment, which would essentially be "worthless." (*Id*. at 5; Pl.'s Reply Br. 4, ECF No. 616.)  7-Eleven also notes that Sodhi did not provide any evidence in response to the declaration of Wade Newman, Manager for Legal and Accounting Investigations, stating that Sodhi took $560,603.83 in cash and inventory. (Pl.'s Reply Br. 1-2.)  7-Eleven asserts that a district court has the discretion to determine whether additional evidence is required in connection with a motion for further relief, and here, no evidentiary hearing is required. (*Id*. at 6.)  According to 7-Eleven, Sodhi has been aware of 7-Eleven's intent to recover amounts for months and never requested further information about 7-Eleven's calculations to understand or to challenge them. (*Id*. at 3.)  7-Eleven argues that because Sodhi had the opportunity to refute 7-Eleven's evidence in opposition but failed to do so, he has waived any arguments he may have presented. (*Id*. at 7.)

Finally, 7-Eleven asserts that the Court should release the Bond to it in partial satisfaction of its damages. (Pl.'s Moving Br. 6.)  7-Eleven argues that the Bond was "established to protect 7-Eleven in the event that Sodhi dissipated its property," which is what occurred during his surrender of the Stores. (*Id*.; Pl.'s Reply Br. 8-9.)

### 2.   Sodhi

In opposition, Sodhi argues that the statute does not permit the relief Plaintiff seeks, and instead, Plaintiff seeks relief—without pleadings, discovery, or process—of a new cause of action for monetary damages that was not included in the Amended Complaint. (Def.'s Opp'n Br. 1, 4,

ECF No. 614.)  Sodhi claims that the declaratory judgment merely permitted 7-Eleven to terminate the franchise agreements, cease its financing, and remove Sodhi from possession of the Stores—no damages were awarded.  (*Id.* at 3, 4.)  Sodhi further asserts that he does not have access to the stores' books and records and will need discovery to audit the material.  (*Id.* at 1-2.)  The statute at issue, according to Sodhi, cannot be used to violate his rights to procedural due process and a jury trial under the Fifth and Seventh Amendments.  (*Id.* at 2.)  At a minimum, Sodhi contends that the statute requires that he be given a hearing.  (*Id.* at 1, 6.)  Sodhi also disputes 7-Eleven's claims that he was not entitled to withdraw money after "his stores were terminated" and that any amounts were stolen.  (*Id.* at 1.)  Sodhi also argues that the cases 7-Eleven cites in support of its motion do not support 7-Eleven's request for relief.  (*Id.* at 5-6.)  Sodhi, however, failed to cite any case law to support his own arguments in opposition.

Finally, Sodhi also requests that the Bond be returned to the individuals that deposited the funds.  (*Id.* at 3 n.2, 6-7.)  Sodhi asserts that the Court previously held that 7-Eleven was required to continue financing the Stores and, correspondingly, ordered Sodhi to post security.  (*Id.* at 3.)  Now that Sodhi has vacated the Stores, however, Sodhi argues that there is no need for the Bond to remain with the Court and it should be released to the depositors.[2]  (*Id.*)

**B.  Analysis**

The Court finds that 7-Eleven may seek damages in the instant case through 28 U.S.C. § 2202.  *Chem. Leaman Tank Lines*, 177 F.3d at 221; *Alexander & Alexander, Inc.*, 787 F.2d at

---

[2] Sodhi also argues that the Bond should be released, as an injunction is no longer in effect and 7-Eleven did not suffer damages prior to the Court's grant of summary judgment in its favor. (Def.'s Opp'n Br. 7.)  The Court notes that no injunction was ever entered in connection with the Bond, although Sodhi had previously posted security in connection with past injunctive relief that has already been released. (ECF Nos. 26, 73.)  The Court required that Sodhi post the Bond at issue here in connection with its *denial* of 7-Eleven's motion for a preliminary injunction permitting it to cease financing the Stores.

166. The Court has discretion to determine whether a hearing is necessary. *See Westport Ins. Corp. v. Bayer*, 284 F.3d 489, 500 (3d Cir. 2002) (stating that upon a motion for further relief, "the district court may resolve this issue after notice and hearing either on the present record or, at its option, by hearing additional evidence"). 7-Eleven cites cases to support its argument that no hearing is needed in this matter because Sodhi has been on notice of both this claim and supporting evidence, and did not refute either in opposition. (Pl.'s Reply Br. 7-8.) The Court finds that these cases from outside of this district and circuit, however, are factually distinguishable.[3] Exercising its discretion and in consideration of the totality of the circumstances, including the amount and components of alleged damages,[4] the Court finds that Sodhi should be given an opportunity to challenge the damages claimed by 7-Eleven through an evidentiary hearing.

Finally, the Court finds that the Bond may be utilized in the total or partial satisfaction of any damages award to 7-Eleven. In its May 25, 2015 motion papers, 7-Eleven requested: (i) a temporary restraining order to allow it to discontinue financing the Stores until the Court determined 7-Eleven's application for a preliminary injunction; and (ii) modification of the Court's

---

[3] *See, e.g.*, *Starter Corp. v. Converse, Inc.*, 170 F.3d 286 (2d Cir. 1999) (district court entered a permanent injunction without a hearing but after a jury trial, and the Second Circuit held that the notice and "paper" hearing on the injunction was sufficient, based on previous orders stating that the district court intended to enter injunctive relief based on the jury verdict and instructed the parties to address the scope of the remedies in their post-trial briefs); *Tractor and Equip. Co. v. Dual Trucking and Transp., LLC*, No. 15-5413, 2017 WL 3601212, at *3 (E.D. La. Aug. 22, 2017) (holding that no hearing regarding $49,535.10 in claimed attorneys' fees was necessary because plaintiff's counsel provided a detailed breakdown of the hours and work performed in the matter and defendants had notice and opportunity to contest the reasonableness of the fees, but did not).

[4] 7-Eleven asserts that the Stores had a total final net worth deficit of $560,603.83, made up of: (i) $29,978.99 in Operating Losses from March 1 through March 22, 2017; (ii) $257,842.00 in unauthorized draws; (iii) $11,500.00 in deposit shortages; (iv) $27,000.00 in reversal of purported cash purchase; (v) $129,423.00 in inventory shortages (at cost); (vi) $161,738.38 in lottery shortages; (vii) $11,210.00 in trailing expenses; and (viii) a final accounting adjustment to expense of $861.25, with a final accounting adjustment to revenue of $3,589.23 applied in offset. (Newman Decl. 18, ECF No. 611-3.)

October 15, 2013 Order that required it to continue such financing. (Pl.'s Mot. For Order to Show Cause Moving Br. 4.) 7-Eleven alleged that Sodhi "treated 7-Eleven's continued financing as his personal ATM . . . draw[ing] . . . on the funds advanced by 7-Eleven in furtherance of the operation of the store" (*id*. at 5), and "us[ed] 7-Eleven's financing to pay his employees and purchase merchandise while, at the same time, he siphon[ed] receipts from merchandise sales into his own pockets" (*id*. at 38). While the Court denied 7-Eleven's request, it required Sodhi to post the Bond at issue in the instant matter. The Court recognized the risk that Sodhi might misuse 7-Eleven's funds and property, and the Bond's original purpose was essentially to protect 7-Eleven's funds and property from any potential improper actions. Therefore, based on the Court's inherent equitable powers and the original purpose of the Bond, the Court finds that the Bond may be used in the total (or partial satisfaction) of any damages award to 7-Eleven.

IV.   **Conclusion**

Accordingly, 7-Eleven's motion for further relief pursuant to 28 U.S.C. § 2202 (ECF No. 611) is granted. The Court will hold an evidentiary hearing to determine the appropriate amount of damages. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

**Dated**: May 18, 2018